UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| MARISOL L. URIBE, individually, and on behalf of similarly situated consumers,<br><br>Plaintiff,<br><br>vs.<br><br>DEVILLE ASSET MANAGEMENT, LTD<br><br>Defendant. | ) Case No.:<br>)<br>)<br>)<br>) CLASS ACTION COMPLAINT<br>)<br>)<br>)<br>)<br>) |

Plaintiff, Marisol L. Uribe (hereinafter "Plaintiff"), by and through undersigned counsel, hereby alleges against Deville Asset Management (hereinafter "Defendant"), as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA") and the Texas Debt Collection Act

## JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367.

3. Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4. Plaintiff is a natural person, who at all relevant times has resided in San Antonio, Texas and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5.  Defendant is a corporation doing business in the State of Texas, with its corporate headquarters listed at 1132 Glade Rd, Colleyville, Texas 76034.

6.  Defendant is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

## FACTUAL STATEMENT

7.  The FDCPA was enacted to prevent debt collectors from engaging in deceptive tactics in order to collect debts from generally unsophisticated consumers.

8.  Misrepresenting the legal status of a debt as collectible, when it is not collectible by a specific creditor is a deceptive practice prohibited by the FDCPA and TDCA.

9.  Prior to 2015, Plaintiff took a car loan from Santander Bank.

10. In October 2015, Plaintiff was unable to meet her financial obligations and failed to make the required payment on the automobile.

11. After the delinquency, in March of 2017, Defendant purchased the auto loan/retail installment contract from Santander.

12. On June 15, 2017, Defendant sent Plaintiff a collection letter offering a settlement amount of $7,545.62. Exhibit A.

13. By sending this letter, Defendant implied that it was legally allowed to collect the debt.

14. Defendant is acting as a holder under § 348.501 of the Texas Finance Code.

15. However, the Texas Code specifically requires holder's to obtain a license. Where a holder fails to obtain the required license, it is prohibited by law from acting as a holder.

16.     Accordingly, the debt in question is not in fact owed to Defendant, as Defendant is prohibited from acting as a holder.

17.     By attempting to collect a debt which it is prohibited from collecting, Defendant has engaged in deceptive conduct.

## CLASS ACTION ALLEGATIONS

### The Class

18.     Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23.

19.     Plaintiff seeks certification of the following classes, initially defined as follows:

**The Class: All consumers that have received collection letters from Defendant concerning auto loan debts used primarily for personal, household, or family purposes within one year prior to filing of this complaint.**

20.     Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

### Numerosity

21.     Upon information and belief, Defendant has sent collections letters in attempt to collect a debt to hundreds of consumers throughout the State of Texas, each of which violates the FDCPA and TDCA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

22.     The letters sent by Defendant, and received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated or unsophisticated consumer."

23.     The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

## Common Questions of Law and Fact

24. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA and TDCA; (ii) whether the Plaintiff and the Class have been injured by the conduct of Defendant; (iii) whether the Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

## Typicality

25. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendants common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

## Protecting the Interests of the Class Members

26. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

27. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

**Proceeding Via Class Action is Superior and Advisable**

28. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

29. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

30. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

31. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

32. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

33. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

34. Absent a class action, the Class members will continue to suffer losses borne from Defendants breaches of Class members' statutorily protected rights as well as monetary damages,

thus allowing and enabling: (a) Defendants conduct to proceed and; (b) Defendants to further enjoy the benefit of its ill-gotten gains.

Defendants have acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq.*

35. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

36. Defendant's false and deceptive representations to Plaintiff violate the below provisions of the FDCPA.

37. Section 1692e provides:

> **§ 1692e. False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2)    The false representation of--**
>
>    **(A)  the character, amount, or legal status of any debt; or**
>
>    **(B)  any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.**

6

**(10)  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

## COUNT II
## VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
### Tex. Fin. Code § 392.304 *et seq.*

38. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

39. Defendant's false and deceptive representations to Plaintiff violate the below provisions of the TDCA.

40. Section § 392.304 provides:

> **(a) Except as otherwise provided by this section, in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices:**
>
>> **(8) misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding;**
>
>> **(19) using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer.**

WHEREFORE, Plaintiff, Marisol L. Uribe, respectfully requests that this Court do the following for the benefit of Plaintiff:

> A. Certify the class described herein and appoint Plaintiff as Lead Plaintiff, and Plaintiff's Counsel as Lead Counsel;

B.  Enter judgment against Defendant for statutory damages, 15 U.S.C. § 1692k(a)(2)(A) and (B), in the amount of $1,000.00 for Plaintiff and each member of the class;

C.  Award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)3;

D.  Provide injunctive relief preventing Defendant from continuing to violate Texas law pursuant to § 392.403;

E.  Award costs and reasonable attorneys' fees, pursuant § 392.403;

F.  Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

41.  Plaintiff demands a jury trial on all issues so triable.

Dated this 11th of June, 2018

Respectfully Submitted,

/S/ Daniel Zemel
Daniel Zemel
ZEMEL LAW, LLC
1373 Broad St. Suite 203C
Clifton, New Jersey 07013
T: (862) 227-3106
F: (973) 282-8603
DZ@zemellawllc.com